UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-14005-CR-ROSENBERG/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SARAH LADOUCEUR,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON THE SUPERSEDING PETITION FOR OFFENDER UNDER SUPERVISION (DE 33)

    **THIS CAUSE** came before me on September 27, 2021. Having conducted a hearing, I recommend as follows:

    1.    A Petition for Summons for Offender Under Supervision (the "Petition") was filed in this case on May 16, 2018. DE 2. On July 29, 2020, Defendant admitted violation numbers 1, 2, 4, 6, and 8. DE 23. The Government agreed to dismiss violation numbers 3, 5, 7, 9, and 10 at time of sentencing. On July 31, 2020, I issued a Report and Recommendation regarding Defendant's admissions. DE 24. That Report and Recommendation has not yet been adopted by the District Court.

    2.    On August 20, 2021, a Superseding Petition for Offender Under Supervision (the "Superseding Petition") was filed. DE 33. Defendant appeared before me on September 27, 2021 for a hearing convened via videoconference on the Zoom platform. At the hearing's outset, I advised the Defendant of her right to have the proceeding in person. The Defendant acknowledged that she understands that right and, after consultation with counsel, agreed to waive that right and

consented to have the hearing conducted through videoconference. Having discussed the matter with the Defendant, I find that her waiver of in person appearance and consent to proceed through videoconference is knowing and voluntary. I also find, pursuant to the CARES Act, H.R. 788, and the Court's Administrative Orders In re: Coronavirus Public Emergency, that this hearing cannot be further delayed without serious harm to the interests of justice.

3. The Superseding Petition alleged the following two new violations:

**Violation Number 11**  **Violation of Mandatory Condition**, by unlawfully possessing or using a controlled substance. On August 16, 2021, the defendant admitted to using cocaine on or about August 2, 2021 to August 9, 2021.

**Violation Number 12**  **Violation of Special Condition**, by failing to satisfy the Court Ordered restitution. On December 11, 2014, restitution in the amount of $12,311.57 was ordered by the Court, to be paid at a rate of $75.00 per month, as monitored by the U.S. Probation Officer. The defendant is currently $1302.61 in arrears with her payments.

4. At the hearing on September 27, 2021, Defendant admitted Violation Numbers 11 and 12. The possible maximum penalties faced by the Defendant for Violation Numbers 11 and 12 were read into the record by the Government. The Defendant stated that she understood those penalties.

5. I questioned the Defendant on the record and made certain that she understood her right to an evidentiary hearing. The Defendant acknowledged that she understood her rights in that regard and further understands that if her admissions to Violation Numbers 11 and 12 are accepted, all that will remain regarding those violations will be for the District Court to conduct a sentencing hearing for final disposition of this matter.

6. The Government proffered a factual basis for Defendant's admissions to Violation Numbers 11 and 12. The Defendant agreed that the facts proffered by the Government were true

and the Government could prove those facts if a hearing were held in this matter. Having heard the factual proffer, I find that it establishes a sufficient factual basis to support Defendant's admissions to Violation Numbers 11 and 12.

**ACCORDINGLY**, based upon the Defendant's admissions under oath, I recommend to the District Court that the Defendant be found to have violated the terms and conditions of her supervised release as set forth in Violation Numbers 11 and 12, and that a sentencing hearing be set for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Robin L. Rosenberg, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 29th day of September, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE